# IN THE UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO: 20-CR-64 |
| ARA APRAHAMIAN | : | |

## UNITED STATES' MOTION FOR A STATUS CONFERENCE

The United States respectfully requests a status conference to set pretrial motions deadlines and discuss a trial date. On June 29, 2020, the Court adjourned the status conference previously set for June 30, 2020, and indicated that the Court would defer setting pretrial dates and a trial date until after it resolved Defendant Ara Aprahamian's motion to transfer or dismiss. Now that the Court has denied Defendant's motion (Docket No. 41), it is an appropriate time to establish a pretrial scheduling order and set a trial date. The United States makes this request in the interests of justice and because of recent developments including the recent denial of Defendant's venue transfer motion, this Court's resumption of criminal jury trials as of February 1, and progress in the parallel multidistrict civil litigation before Judge Rufe, *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-MD-02724 ("the MDL"). While the United States understands that current pandemic conditions may prevent the Court from providing a firm trial date at this time, proceeding with motions practice is in the interests of justice and will facilitate the timely and efficient preparation of this matter for trial. Indeed, Defendant's counsel previously indicated to the United States that they may file additional motions if the Court denied their

motion to transfer or dismiss. Now that the Court has done so, there is no reason for Defendant to delay filing any additional motion capable of pretrial resolution, *see* Fed. R. Crim. P. 12(b)(3). Counsel for the United States conferred with Defendant's counsel, and they oppose this motion and oppose the setting of pretrial deadlines and a trial date.

## I.    Procedural History

### A.    *This Case*

On February 4, 2020, a federal grand jury indicted Defendant Ara Aprahamian. (Docket No. 1). On February 14, 2020, the Court set a trial date of March 23, 2020. (Docket No. 11). On an unopposed motion by the United States, the Court found this case to be unusual because of the nature of the prosecution, the number and types of witnesses and documents, and the millions of records the defendant would likely receive in discovery. (Docket No. 16). Accordingly, the Court designated this case as complex under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (ii). (Docket No. 16). On March 20, 2020, the Court entered an order establishing a briefing schedule for Defendant's motion to transfer and stating that "[t]rial will be scheduled on a date to be determined." (Docket No. 28). The Court also set a status conference for June 30, 2020, during which the United States intended to request a pretrial briefing schedule and a trial date. (Docket No. 28). On May 18, 2020, Defendant filed a motion to transfer this matter for lack of venue or dismiss Count Three of the Indictment. (Docket No. 33). On June 17, 2020, the United States filed its response in opposition to Defendant's motion to transfer. (Docket No. 36). On

June 25, 2020, Defendant filed a motion for leave to reply to the United States'
response. (Docket No. 37-1). The Court adjourned the June 30, 2020 status conference
until after resolving Defendant's motion to transfer. On October 15, 2020, the United
States submitted a letter to the Court regarding the sequencing of the trial dates in
the two separate but related criminal cases and requested that the trial date in this
case should be at least two months before the trial date in *United States v. Teva
Pharmaceuticals USA, Inc. and Glenmark Pharmaceuticals Inc., USA* (Criminal
Action No. 20-200) ("*Teva and Glenmark* case") (Exhibit A). On October 20, 2020,
Defendant wrote to the Court responding to the United States' letter. (Exhibit B). On
January 25, 2022, the Court denied Defendant's motion to transfer for lack of venue.
(Docket No. 41). No motions remain pending.

### B. *United States v. Teva and Glenmark*

The *Teva and Glenmark* case is relevant to a scheduling discussion in this case
because there is a potential for overlapping witnesses to testify in each trial. A grand
jury returned the operative second superseding indictment in that case on August 25,
2020 (Criminal Action No. 20-200, Docket No. 28). In the *Teva and Glenmark* case,
the United States' proposed trial dates have now passed. (Criminal Action No. 20-
200, Docket Nos. 51, 52, 91, 96). The United States anticipates requesting a third
amended proposed scheduling order in the *Teva and Glenmark* case shortly after the
filing of this motion.

## II.    Status of Discovery

Over the past two years, the United States has continued to prepare its case for trial, including providing Defendant with approximately 22 million records, making early production of over 200 interview memoranda and reports, and disclosing a preliminary list identifying documents relevant to the United States' case-in-chief. In addition, though having no obligation to do so, the United States voluntarily identified additional drugs not enumerated in the Indictment that may be featured or discussed during the case-in-chief. The United States also facilitated Defendants' review of this material by providing detailed indices and tables of contents, as well as producing the material in a searchable and sortable electronic format.

## III.    A January 2023 Bellwether Fact Discovery Deadline in the Civil MDL Case May Threaten the United States' Interest in This Case

Since 2017, the United States has been an active intervenor in the MDL before Judge Rufe, seeking to preserve the integrity of the ongoing criminal investigation and criminal cases pending before this Court. Since the Indictment against Defendant, the United States has expended significant time and resources defending its partial discovery stay in the MDL. Over the past two years, the United States has taken steps to limit the scope of the stay to craft a careful balance between minimizing the potential harm to the criminal matters and allowing the MDL to proceed as unimpeded as possible given the pending criminal cases. But an approaching deadline in the MDL now threatens the integrity of this criminal case as well as the *Teva and Glenmark* case. Fact discovery in the bellwether civil cases is set to close in

January 2023. As this deadline approaches, the MDL court may face a Hobson's choice between (a) continuing the deposition stay, which could delay the bellwether civil cases and the entire MDL, or (b) ending the stay, which would allow defendants in the criminal cases – whether intended or not – to circumvent the rules of criminal procedure and use civil discovery procedures to conduct pretrial depositions of potential witnesses in this criminal case. The United States seeks a briefing schedule and trial date in this case that will protect the integrity of the criminal cases while allowing Defendant sufficient time to prepare his defense.

## IV.    Conclusion

Accordingly, the United States requests a status conference to set a briefing schedule and discuss a trial date.

Respectfully submitted,

 */s/ Kevin B. Hart*
Kevin B. Hart
Kristina N. Srica
Jariel A. Rendell
Rachel D. Kroll

Attorneys
U.S. Department of Justice
Antitrust Division
450 5th Street NW, Suite 11300
Washington, DC 20530
kevin.hart@usdoj.gov
(202) 598-8242

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, a true and correct copy of the foregoing was filed electronically and to the best of my knowledge, information and belief, counsel for the Defendant will be notified through the Electronic Case Filing System.

         */s/ Kevin B. Hart*
         Kevin B. Hart