# GAGE SPENCER & FLEMING LLP

ATTORNEYS AT LAW

410 PARK AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE: (212) 768-4900
FACSIMILE: (212) 768-3629
E-MAIL: info@gagespencer.com

March 20, 2023

<u>VIA ECF</u>

The Honorable R. Barclay Surrick
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

   Re: *United States v. Aprahamian*, 20-cr-64 (RBS)

Dear Judge Surrick:

  We represent Defendant Ara Aprahamian and write concerning the schedule for this matter. Although Mr. Aprahamian's pretrial motions are currently due May 19, 2023, and his trial is currently scheduled to begin on October 30, 2023, it has become increasingly clear that Mr. Aprahamian will need additional time to adequately prepare his defense. Put simply, the government has failed to live up to the production schedule it described to the Court in our last conference and, as a direct result, has delayed Mr. Aprahamian's ability to prepare for trial. Accordingly, and for the reasons described more fully below, we respectfully request an adjournment of the motion deadline by four months, to September 19, 2023; an adjournment of the trial by four months, to February 26, 2024; and a corresponding extension of the other deadlines set by the Court in its scheduling order. (Dkt. 53).[1]

  At the August 9, 2022 scheduling conference before this Court, Mr. Aprahamian requested a trial date in March 2024. Among other reasons, Mr. Aprahamian cited the immense volume of discovery produced by the government (approximately 60 million pages at that time), the government's decision to expand the case to include nearly twice the number of generic drugs identified in the indictment, the critical discovery that remained outstanding from the government, and the burden of defending against a massive parallel multidistrict civil litigation that the plaintiffs have called "the largest cartel price-fixing case in U.S. history." (*See, e.g.*, Dkt. 44 (Feb. 11, 2022 letter raising certain of these issues)). The government requested a trial date in January 2023. It argued that setting this complex case for trial a mere five months after the scheduling conference was reasonable because, among other things, the government would promptly produce certain materials that would guide Mr. Aprahamian in his preparation for trial. After careful consideration of presentations from both parties, the Court scheduled the trial for October 30, 2023, but noted that Mr. Aprahamian could apply for an extension if warranted.

---

[1] We have asked the government for its position and were informed that the government opposes Mr. Aprahamian's requested modification of the case schedule.

After the Court issued its scheduling order, the government did not timely produce the materials it had promised, and what it did produce only further confirmed Mr. Aprahamian's need for additional time to prepare his defense. Specifically, the government represented at the August 9, 2022 conference that "by the end of the month" it would produce a several-hundred-page "disclosure letter." It was not until December 14, 2022, however, that the government produced this letter—almost four months later than promised—delaying our review and our ability to synthesize this information with the discovery already provided. Significantly, when it was finally produced, this letter confirmed that the government is in possession of additional information to which Mr. Aprahamian is entitled, including under the *Brady/Giglio* line of decisions and related principles, but which the government has thus far declined to provide.

The government similarly represented at the conference that it would produce to Mr. Aprahamian a list of "potentially relevant" documents that would link each document to the specific generic drugs at issue. Evidently, this list was nearly ready for production at the time of the conference, given the government's proposed trial date. The government chose, however, not to produce the list until six months later, on February 16, 2023. Furthermore, this list is double the size of the government's prior list of "potentially relevant' documents, and confirms that the government intends to pursue not only the generic drugs pled in the indictment, but also virtually all of the "additional" generic drugs the government previously stated that it might pursue at trial.[2]

These are not isolated occurrences. Mr. Aprahamian has made a number of requests for discovery from the government, including for exculpatory materials and witness statements. Although Mr. Aprahamian sent his last two discovery letters on November 17, 2022 and February 2, 2023, the government did not respond to them in any substance until March 14, 2023. The government's terse reply fails to address many of Mr. Aprahamian's requests, and the responses the government did choose to provide confirm the need for motion practice over discovery. For instance:

- On March 7, 2022 (over a year ago), Mr. Aprahamian notified the government that over 66,000 pages of discovery related to Teva were missing, even though the government had listed them in its discovery index as having been produced on June 8, 2020. In response, the government advised that the materials were undergoing "privilege review" by Teva's counsel. On November 17, 2022, Mr. Aprahamian noted that these materials still had not been produced and specifically asked "when the government expects to produce these documents." In its March 14, 2023 response, the government merely states that the review is ongoing and does not provide any further information, let alone an estimated production date. Notably, in the span of three years, the government apparently has been unable to complete the review and production of 66,000 pages of discovery, and yet it expects Mr. Aprahamian to have adequately reviewed approximately 60 million pages of discovery in the same amount of time.

---

[2] The broad scope of this case underscores the need for the government to identify the particular "episodes" of anticompetitive conduct it intends to prove at trial. The government has thus far refused, and Mr. Aprahamian anticipates filing a motion to require such disclosure.

- The information available to Mr. Aprahamian indicates that the testimony of key cooperating witnesses changed dramatically over the course of their interviews with the government, evidently as a result of threats or other inducements by the government. The discovery produced thus far, however, does not identify the statements the government made to these witnesses or their counsel, nor does it sufficiently disclose the changes in their testimony. Mr. Aprahamian is entitled to exculpatory information of this sort, and he has repeatedly requested that the government provide it. In its most recent letter, however, the government has flatly refused to provide any further information.

- On November 17, 2022, and again on February 2, 2023, Mr. Aprahamian asked the government to state whether it "intends to describe the patients who are prescribed the drugs at issue as alleged victims of the charged offenses," because if the government intends to make that objectionable and improper assertion, Mr. Aprahamian will need to rebut it by seeking additional discovery and having an expert perform a "complex and time-consuming analysis of pricing at numerous levels of distribution in the generic drug industry." In its March 14, 2023 letter, the government provides an evasive non-response, stating: "The United States declines to provide a list of 'customers' and 'victims' at this time, as you are not entitled to early disclosure of the United States' witness list."

- The government contends that the statute of limitations for the charges against Mr. Aprahamian was suspended as a result of mutual legal assistance treaty (MLAT) requests for evidence by the government to the authorities in other countries. Although the government has produced certain related materials, Mr. Aprahamian has identified components of the MLAT requests that appear to be missing and has asked the government to clarify whether it has produced all evidence supporting the applications for suspension of the statute of limitations. In its most recent letter, the government has refused to clarify these issues, insisting that Mr. Aprahamian has received the only "materials to which [he is] entitled."

- Mr. Aprahamian has identified certain witness interviews that apparently took place before the government executed a search warrant at the premises of Mr. Aprahamian's former employer Taro Pharmaceuticals, for which the government has not produced any interview memoranda. Although Mr. Aprahamian has asked the government to produce these memoranda, the government's most recent letter does not address them, merely stating that the government will "continue to produce interview reports related to this case on a rolling basis."

- The government has repeatedly refused to produce the underlying notes of its witness interviews—including for its key cooperating witnesses—even though it has acknowledged discrepancies between the notes and the typed memoranda produced to Mr. Aprahamian, and even though it is apparent that the notes contain verbatim witness statements that the Jencks Act requires the government to produce.

It is now apparent that Mr. Aprahamian will need to file discovery motions before turning to the pretrial motions currently due May 19, 2023. Mr. Aprahamian had been waiting to begin

that process for several months in anticipation of the government's belated response to his letters.  In addition, even where the government has agreed to produce further materials—such as the non-privileged subset of the 66,000 pages currently undergoing privilege review, or the grand jury testimony of prosecution witnesses—the government has not provided any information concerning the anticipated timing of the production.

In sum, despite insisting that the case would be ready for trial in January 2023, the government has delayed in producing important materials to Mr. Aprahamian, which in turn has delayed the preparation of Mr. Aprahamian's defense.  We respectfully submit that the modest extension requested—which is less than the amount of time Mr. Aprahamian initially proposed at the scheduling conference—is necessary to remedy the issue.

Several other factors contribute to Mr. Aprahamian need for an extension as well.  On November 2, 2022, almost three months after the scheduling conference in this matter, Mr. Aprahamian's local counsel Caroline Goldner Cinquanto was appointed by the Honorable Jeffrey L. Schmehl to represent defendant John Dougherty in *United States v. John Dougherty*, Case No. 19-cr-64, after Mr. Dougherty's prior counsel withdrew from the case.  Ms. Cinquanto was appointed to represent Mr. Dougherty in the second of two bifurcated trials, which is scheduled to begin on April 24, 2023 and is expected to last until the end of May or early June.  Therefore, Ms. Cinquanto will effectively be unavailable to Mr. Aprahamian's defense team, including for the motions that are currently due on May 19.  Ms. Cinquanto is an essential member of Mr. Aprahamian's defense team, and her competing trial obligations further underscore the need for an extension of time to prepare the defense.

Finally, the burden of defending against the parallel multidistrict civil litigation has only grown over time.  With the close of fact discovery approaching, the MDL is in a particularly active period, with approximately 36 other depositions scheduled or proposed for the next several months, many of which will span multiple days, and document productions occurring on a weekly or more frequent basis.  The pace of discovery disputes has accelerated as well, as the parties stake out divergent positions on the content, timing, format, and ground rules of the many depositions left to be taken and other related matters.  Mr. Aprahamian needs to be fully engaged in the MDL given that he is a named defendant in the primary bellwether case, and staying abreast of the never-ending stream of developments is extraordinarily time-consuming.

   Although we understand the need to advance this criminal proceeding, the modest four-month extension Mr. Aprahamian requests is essential to the preparation of the defense and will not cause undue delay. We respectfully request that the Court grant this application and are prepared to provide more information if it would be helpful to the Court.

                Respectfully submitted,

                <u>/s/ G. Robert Gage, Jr.</u>
                G. Robert Gage, Jr.
                Gage Spencer & Fleming LLP
                410 Park Avenue, Suite 800
                New York, NY 10022
                (212) 768-4900
                grgage@gagespencer.com

                <u>/s/ Caroline Goldner Cinquanto</u>
                Caroline Goldner Cinquanto
                Two Greenwood Square
                3331 Street Road, Suite 450
                Bensalem, PA 19020
                (215) 910-2732
                carrie@cgclegal.com