# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :


    v.      :

             **CRIMINAL NO. 2:20-cr-00064-RBS**

ARA APRAHAMIAN,   :



      **Defendant.** :

## UNITED STATES' MOTION FOR ISSUANCE OF
## SUBPOENAS DUCES TECUM UNDER RULE 17(c)

COMES NOW the United States by and through the undersigned attorneys seeking the early return of the attached trial subpoenas issued to ███████████████ ████████████████████████. The United States provides the following in support of this motion:

### FACTUAL BACKGROUND

1) Defendant Ara Aprahamian was indicted on February 4, 2020 on two counts in violation of 15 U.S.C. § 1 (conspiracy to restrain trade) and one count in violation of 18 U.S.C. § 1001 (making a false statement). (Dkt. #1).

2) Defendant Aprahamian is also a defendant in a civil multidistrict litigation in this District where he faces civil liability, at least in part, for the same anticompetitive conduct at issue in this criminal case. *In re Generic Pharms. Pricing Antitrust Litig.*, No. 2:16-md-2724 (hereinafter "MDL"). The modified protective order currently in effect in the MDL ("MDL PTO 195") provides that "Discovery Material produced, exchanged, or disclosed in this MDL shall be used

only for the purposes of this MDL, and not for any other proceeding, business, competitive, personal, private, public, or other purpose." *Id.* at ECF No. 1976. The United States is an Intervenor in the MDL. *See id.* at ECF No. 108.

3)      In September 2022, despite the United States' objection, the MDL Court lifted the stay of discovery previously imposed in the MDL pending the resolution of the United States' criminal cases, including *United States v. Aprahamian*. MDL at ECF No. 2215. As a result of this lifted stay, parties to the MDL have taken depositions of individuals who have knowledge of the anticompetitive conduct at issue in the instant case, and who may be witnesses for either the United States or for Defendant Aprahamian in pretrial hearings and at trial. *See, e.g.*, *id.* at ECF No. 2326 (court order regarding the order of deposition questioning). The United States expects many of its trial witnesses will be or have already been deposed in the MDL. The United States understands that Defendant Aprahamian is already in possession of these deposition transcripts and related exhibits, and that his counsel was permitted to attend the depositions and did attend at least some depositions. But the United States, as only a limited intervenor to the MDL, has not been afforded the same access.

4)      In February 2023, the United States moved to clarify or, in the alternative, to amend MDL PTO 195 to permit the United States to use MDL deposition transcripts in both of the then-pending criminal cases, including this one. *See id.* at ECF No. 2372. In its briefing, the United States explained that it sought permission to use deposition transcripts of witnesses who may be called to testify in the criminal trials to "protect the integrity of the criminal process, by ensuring the accuracy and clarity of witness testimony." *Id.* at ECF No. 2399 at 3.

5)      On April 13, 2023, the MDL Court denied without prejudice the United States' request to obtain the deposition transcripts generated in MDL discovery. MDL ECF No. 2415. The

MDL Court stated that "the United States must direct its request for transcripts in the first instance to the Honorable R. Barclay Surrick, who is presiding over the criminal action[]" and noted that "Federal Rules of Criminal Procedure, including Rules 17(c) and 26.2, provide avenues by which the United States may obtain statements of witnesses for use in any criminal trial." *Id.*

6)      On August 4, 2023, Defendant Aprahamian requested the MDL Court modify MDL PTO 195 "so that he is permitted to use discovery material from this Multi-District Litigation in his parallel criminal proceedings." MDL ECF No. 2511. The United States opposed Defendant "Aprahamian's motion to the extent that his proposed order would permit only him to use the MDL discovery materials in [the instant case]." MDL ECF No. 2520. The United States did not oppose entry of an order that would have provided both "Defendant Ara Aprahamian and the United States to obtain, receive, and use discovery material from the MDL in [this case]." *Id*. Shortly thereafter, Defendant Aprahamian noted in his suppression motion filed with this Court that—assuming his motion to modify the MDL protective order is granted—he plans to use the deposition testimony of ███████████████████████ in support of his motion to suppress as he claims that testimony contains inconsistent statements (Dkt. #63, at 14 n.4). The United States currently does not have access to the transcripts for these individuals and cannot assess Defendant Aprahamian's claims.

7)      On September 6, 2023, the MDL Special Master submitted a report and recommendation ("R&R") to the MDL Court regarding Defendant Aprahamian's motion to modify the MDL protective order. MDL ECF No. 2543. The MDL Special Master recommended that the MDL Court allow Defendant Aprahamian "to use any discovery materials generated in this matter in his pending criminal proceeding." *Id.* However, the MDL Special Master also recommended that the Court decline the United States' request and that the MDL Court's prior

order [MDL ECF No. 2415]—that imposes additional requirements on the United States to obtain MDL deposition transcripts—remain in place. *Id.* The MDL Special Master reiterated that "Federal Rules of Criminal Procedure 17(c) and 26.2 . . . provide avenues for the United States to subpoena documents and request witness statements." *Id.*

8)      On September 20, 2023, the United States filed an objection to R&R paragraphs 19-26 (recommendation to decline the United States' request to obtain and use MDL discovery) and requested a limited modification of MDL PTO 195 permitting both Defendant "Aprahamian and the United States to access and use MDL discovery materials in [this case], in accordance with criminal process and procedural rules, as well as any orders in the criminal case." MDL ECF No. 256 at 6. This modification would eliminate the additional burdens currently being placed on the United States to obtain and use MDL discovery in this case. A final order on Defendant Aprahamian's motion to modify MDL PTO 195 has not yet been issued.

**LEGAL STANDARD**

9)      Under Federal Rule of Criminal Procedure 17(c), "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."

10)      If a party wishes to require production of Rule 17(c) materials prior to trial, the party must show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United*

*States v. Nixon*, 418 U.S. 683, 699–700 (1974); *accord United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981).

11)     Rule 17(c) subpoenas are "available to the Government as well as to defendants." *United States v. Walters*, 558 F. Supp. 726, 727 (D. Md. 1980); *see also United States v. Eli Lilly & Co.*, 24 F.R.D. 285, 288 (D.N.J. 1959).

## ARGUMENT

12)     The United States seeks Rule 17(c) subpoenas for transcripts of and exhibits, if any, from four witness depositions taken as part of the MDL regarding the same conduct as the instant case, which Defendant Aprahamian already possesses.[1] All four of the *Nixon* factors weigh in favor of production.

13)     First, the deposition transcripts and exhibits are evidentiary and exceedingly relevant. *Nixon*, 418 U.S. at 699–700. The potential trial witnesses were deposed about the conduct at issue in the instant criminal case, and portions of those depositions may be used in connection with pretrial motions and hearings, as well as trial in this case.  *See* Fed. R. Evid. 801(d)(1)(A) (inconsistent statement); 801(d)(1)(B) (prior consistent statement); *see also United States v. Young*, 2004 WL 784840, at *4 (W.D. Tenn. Mar. 4, 2004) (granting Rule 17(c) subpoena for third-party deposition transcripts in part for refreshing recollection).

14)     Second, the United States is currently unable to obtain these deposition transcripts in advance of trial other than via motion to this Court. As discussed above, the United States has attempted twice to obtain deposition transcripts via the MDL, but the MDL Court has directed the United States to move this Court for the documents under the Federal Rules of Criminal Procedure, including Rule 17(c).  MDL ECF No. 121. Under the MDL Court's current order, the MDL Court

---

[1] See Exhibit A (filed under seal) for the requested subpoenas.

will consider modifying the MDL protective order to allow the United States to obtain and use the deposition transcripts only after this Court has issued trial subpoenas for the materials. *Id.* Without leave of this Court, the United States currently has no other means to obtain these materials.

15) Third, without these transcripts in advance of trial, the United States cannot properly respond to motions and prepare for trial. *Nixon*, 418 U.S. at 699–700. To fulfill its obligations to this Court, the United States must be aware of prior statements given by key witnesses on the specific topics at issue in the criminal case to prepare for both direct and cross examination. Additionally, it is the United States' understanding the depositions occurred over multiple days, some for as many as six days. As a result, the transcripts will be voluminous, necessitating production sufficiently in advance of trial to allow the United States to prepare.

16) Fourth, this request is made in good faith and is not a "fishing expedition." *Nixon*, 418 U.S. at 699–700. The United States' current request is limited to deposition transcripts and exhibits of the two individuals identified in Defendant Aprahamian's motion to suppress, as well as two potential trial witnesses. The information contained in those transcripts, and the transcripts of testimony by ███████████████████████████, are critical to the United States' trial preparation and ultimate decision making with regard to this matter.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Court GRANT its motion for early return of the subpoenas attached hereto as Exhibit A and ORDER the production of the requested documents on or before October 5, 2023.

Respectfully submitted,

 /s/ Kristina Srica
Kristina Srica
Julia Maloney
Jonathan Pomeranz
Allison Gorsuch
Attorneys
U.S. Department of Justice
Antitrust Division
450 5th Street NW, Suite 11300
Washington, DC 20530
(312) 754-3922