

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

November 27, 2023

**VIA EMAIL (DOCKETED UNDER SEAL)**

The Honorable R. Barclay Surrick
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

    Re:    *United States v. Aprahamian*, 20-cr-64 (RBS)

Dear Judge Surrick:

In response to the Court's request on November 22, 2023, we write to provide additional information in support of the United States' Unopposed Motion to Dismiss the indictment in the above-captioned case. (Dkt. No. 95). Dismissal of the indictment is appropriate, consistent with Department of Justice policy, and not contrary to the public interest. Section 9-27.300 of the Justice Manual states that "[p]rosecutors have an ongoing obligation to evaluate a case and the provable evidence, even after offenses have been charged. If a prosecutor determines that, as a result of a change in the evidence or for another reason, a charge is no longer readily provable or appropriate, the prosecutor should dismiss those charges, consistent with the written policies of the district or litigating division and the Principles of Federal Prosecution."

The United States' unopposed motion is supported by its ongoing assessment of the litigation risks in this case, which include, but are not limited to, unanticipated protracted discovery and potential pretrial discovery-related litigation, pretrial litigation related to the investigation and resulting impeachment information, the passage of time since the charged conspiratorial conduct occurred between 2013 and 2015, and issues arising from the parallel civil matter in this district (*In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-2724). For example, key cooperating witnesses in this case—whom the United States anticipated calling as central witnesses in its case-in-chief—were required to provide extensive sworn testimony at civil depositions at least in part about the conduct at issue in this case. A multi-day deposition of an additional cooperating witness was in the process of being scheduled and likely also would have occurred prior to trial in this case. The deposition testimony would

have impacted the strength of the testimony from and perceived credibility of these witnesses at trial in this case.

      Accordingly, we respectfully ask the Court to grant the United States' Unopposed Motion to Dismiss the indictment with prejudice.

Regards,

   /s/ Kristina Srica
Kristina Srica
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20530
(646) 409-9258
kristina.srica@usdoj.gov

cc: Counsel of Record (via email)