IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ARA APRAHAMIAN,** <br><br> **Defendant.** | **CRIMINAL NO. 2:20-CR-00064-RBS** |

**REPLY BRIEF IN SUPPORT OF TEVA PHARMACEUTICALS USA, INC.'S MOTION TO INTERVENE TO OPPOSE THE GOVERNMENT'S MOTION TO SEAL**

Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits this Reply Brief in Support of its Motion to Intervene for the limited purpose of opposing the government's motion to seal the letter to the Court dated Nov. 27, 2023 (the "Motion to Intervene")[1] or, in the alternative, granting Teva access to the Dismissal Letter [ECF No. 97].[2]

**I.    INTRODUCTION**

In 2020, to great fanfare, the government indicted Ara Aprahamian for allegedly colluding with Teva and others to fix the prices of certain generic drugs. Br. at 2. Three years later, it is abandoning the very same case—via a dismissal with prejudice—and attempting to prevent Teva and the public from learning why.

---

[1] Capitalized terms have the same meaning as in Teva's Motion to Intervene and its supporting Memorandum of Law (the "Opening Brief" or "Br.").

[2] The Court granted the government's request for dismissal on November 29, 2023. ECF No. 98. While Teva was preparing to file this motion opposing the government's motion to seal, the Court granted the government's motion. ECF No. 100. Accordingly, Teva respectfully requests that the Court reopen that decision and consider this motion to intervene to oppose the government's motion to seal, or in the alternative, consider this as a motion to intervene to grant Teva access to the government's Dismissal Letter.

This attempt to obscure the reasons for dismissal—which are set forth in the *under seal* Dismissal Letter—contradicts clear guidance from the Department of Justice Manual and the prevailing practice both in this District and throughout the country. Rather than conceding the obvious, the government relies on 150-year-old case law and legislative history from the 1940s to argue that, "the motivations behind a prosecutor's decision to dismiss an indictment have historically not been provided to the public." *See* ECF No. 103 ("Opp'n") at 9.

Compounding this problem, the government fails to offer any valid reason why Teva and the public should not have access to the Dismissal Letter. Given that Teva and Aprahamian faced, and continue to face, many of the same allegations of anticompetitive conduct, the reason why the government dismissed the Aprahamian indictment, *e.g.* an equivocating witness or exculpatory information, is undeniably important to Teva. Teva's Motion to Intervene should therefore be granted and the government's motion to seal should be denied.

## II.   THE GOVERNMENT'S MOTION TO SEAL SHOULD BE DENIED

### A.   The Government Ignores Longstanding Practice and Clear DOJ Policy Without Good Reason

The government is obligated to provide the public with its rationale for dismissing the Aprahamian Indictment. Indeed, it is longstanding practice in this District (and elsewhere), that the government provide the reasoning when it moves to dismiss an indictment. Moreover, it is DOJ policy that in "[i]n moving for leave to dismiss, the local practice should be followed" and that "in cases of considerable public interest or importance . . . a written motion for leave to dismiss should be filed explaining fully the reason for the request." Br. at 8-10.

In response, the government simply ignores current DOJ policy and practice, and instead argues that Rule 48(a) does not require it to provide such insight, purportedly because "prosecutor's reasons for declination are not historically public." Opp'n at 7. Without any

2

explanation, the government ignores both the Rule 48(a) filings in this District, cited by Teva in its Opening Brief, where the government explained its reasoning as a matter of course, *see* Br. at 8-9 (collecting cases), and its own practice in recent, high-profile matters, like this one, where the government explained its reasons for dismissal openly and in unsealed public filings. *See, e.g.*, *United States v. Flynn,* No. 1:17-cr-00232-EGS, ECF No. 198 (D.D.C. May 7, 2020) (providing full explanation for dismissal of indictment against Gen. Michael J. Flynn); *see also United States v. Biden,* No. 1:23-mj-00274-MN, ECF No. 31 (D. Del. Aug. 11, 2023) (providing full explanation for dismissal of criminal tax information against Hunter Biden). Indeed, just three days ago, the government provided its full rationale while moving to dismiss criminal charges against a U.S. Navy Commander in the high-profile "Fat Leonard" bribery scandal following allegations of government misconduct. *See United States v. Shedd,* No. 3:17-cr-00623-JLS, ECF No. 1279 (S.D. Cal. Dec. 18, 2023). The government's position, which relies on a U.S. Supreme Court case from 1868 and Congressional legislative history from the 1940s, borders on the absurd.

Given the Justice Department's current policy and practice, the government simply cannot argue with a straight face that it has no obligation to provide the public with the rationale for dismissing its highly-publicized Aprahamian Indictment.

### B. The Government Has Not and Cannot Justify Sealing the Dismissal Letter

It is well-established that the public has a common law right of access to judicial records. *In re Avandia Mktg. Sales Practices Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Thus, a party, such as the government, seeking to seal a document must "'show that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated

reasoning, do not support a good cause showing.'" *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

To try to satisfy this standard, the government initially assured this Court that "[t]he Letter discloses privileged information about the United States' deliberative process . . . ." ECF 96 at 1. After Teva objected to the motion to seal, arguing the deliberative process privilege does not apply, *see* Br. at 11-12, the government completely changed its position. The government now argues that—contrary to the plain text of its motion to seal—it has not actually asserted a formal claim of privilege over the Dismissal Letter.[3] Opp'n at 10-11. The government also now argues, for the first time, that the Dismissal Letter should be sealed because it purportedly contains "law enforcement sensitive information." Opp'n at 10. This contention was notably absent from the motion to seal.

The government makes no real attempt to justify its newly-minted argument that the Dismissal Letter contains sensitive law enforcement information. The government does not generally describe this sensitive law enforcement information in the Dismissal Letter. Nor does the government submit an affidavit from anyone connected with the prosecution testifying that disclosure could compromise an ongoing investigation or put a witness at risk of harm—two rationales that are commonly put forth to justify sealing. *See, e.g.*, *United States v. Burgos*, 2023 U.S. Dist. LEXIS 219220, at *4 (S.D.N.Y. Dec. 8, 2023) (sealing documents where "public disclosure of aspects of the material at issue would risk identifying a cooperating witness, thus posing a danger to that individual and compromising an ongoing investigation."). The

---

[3] Even if the government's claim of privilege were otherwise sufficient (it is not), there is no question that it has been waived. The government filed the Dismissal Letter on a public docket (rather than providing it to the court *ex parte*) with no guarantee the Court would seal it. The government then also served the Dismissal Letter on Aprahamian. Accordingly, any claim of privilege, to the extent one exists, has been waived.

government solely cites *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), for the theoretical proposition that disclosure of certain information can chill "voluntary" cooperation with law enforcement. But the government omits that that the prosecution of Teva and Aprahamian involves cooperators who have received immunity and/or cooperation plea agreements that, by their terms, require public testimony and disclosure. Thus, the argument about "chilling" cooperation is irrelevant here. This attempted justification is plainly insufficient under *Wecht*.

It is the government's burden to show that the entire Letter should be sealed, and a "strong presumption in favor of public access" applies even after a document is sealed. *Reyes v. Freebery*, 192 Fed. Appx. 120, 124 (3d Cir. 2006). The district court must determine whether the "record demonstrates 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984)). There is no dispute that, despite two opportunities, the government has not provided the Court sufficient information to create a record justifying sealing.

### III. TEVA HAS A SIGNIFICANT INTEREST IN THE DISMISSAL LETTER

#### A. Teva May Intervene To Protect Its Unique and Individualized Interests

The Court should grant Teva's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b). As Teva explained in its Opening Brief, this Court has affirmatively permitted a third party to intervene in a criminal matter where the movant has a claim or defense that shares with the main action a common question of law or fact. *See United States v. Hirsh*, No. 03-cr-00058, 2007 U.S. Dist. LEXIS 45485, at *1 n.1 (E.D. Pa. June 22, 2007) (citing Fed. R. Civ. P. 24(b)); *see also* Br. at 4-5. The government simply ignores *Hirsh*, but there is no question that its rationale applies here.

5

In both criminal and civil actions in this Court, Teva and Aprahamian have been accused of conspiring *with each other* to fix the prices of certain generic drugs. Teva and Mr. Aprahamian faced, *and continue to face*, similar claims and share defenses. The government's charges against Teva and Aprahamian significantly overlap. Thus, Teva could not have a more significant interest in learning why—after three plus years of litigation—the government decided to abandon its charges and dismiss the Aprahamian Indictment.

Nor is it relevant for purposes of Rule 24(b), as the government contends, that *United States v. Aprahamian* is now over. Teva does not seek to intervene in this case to participate as a litigant. Teva seeks to intervene solely to oppose the government's motion to seal the Dismissal Letter. *See Pansy*, 23 F.3d at 780 (holding that "a district court may properly consider a motion to intervene permissively for the limited purpose of modifying [or vacating] a [confidentiality] order even after the underlying dispute between the parties has long been settled.") (internal quotations omitted). In *Pansy*, the Third Circuit permitted intervention more than six months after the case resolved because the intervention concerned "a particularly discrete and ancillary issue" where the third party "sought to litigate only the issue of the protective order, and not to reopen the merits." *Id.* at 779-80.

Teva's due process rights as a criminal defendant also warrant intervention. The government contends that Teva is not entitled to exculpatory evidence because the cases Teva relies upon concerned guilty pleas,[4] whereas here, Teva entered into a deferred prosecution

---

[4] Due process requires the government to "disclose[] all known exculpatory information *at least* by th[e] point in the proceedings" at which a plea agreement occurs. *United States v. Ohiri*, 133 F. App'x 555, 562 (10th Cir. 2005) (emphasis added). However, even where there is a guilty plea, "the government has a continuing obligation to turn over evidence favorable to the defendant, 'where the evidence is material either to guilt or punishment.'" *United States v. Walker*, No. 15-492, 2018 U.S. Dist. LEXIS 231851, at *3 (E.D. Pa. Feb. 5, 2018) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

6

agreement ("DPA"). But this is a distinction without a difference, and the government cites no authority for the proposition that it is permitted to withhold exculpatory evidence from Teva merely because the company signed a DPA rather than a plea agreement. Opp'n 5-6. Teva did not waive its right to exculpatory information in the DPA. If anything, Teva's right to exculpatory information is even stronger than if it had pled guilty, because the charges against Teva are still pending, and the government will not dismiss those charges until and unless Teva satisfies significant obligations. Because the case against Teva continues, so does the government's *Brady* obligations.

Recognizing all this, the government contends that Teva has no right to the Dismissal Letter because, rather than facts, it contains "conclusions reached by the United States about . . . anticipated trial witnesses, or the United States' likelihood of success." Opp'n 6. The government is wrong. The government has a constitutional obligation to produce exculpatory facts as well as any related conclusions about witnesses, facts, or likelihood of success. *See United States v. Kubini*, No. 11-cr-00014, 2017 U.S. Dist. LEXIS 91293, at *70, *100 (W.D. Pa. June 14, 2017) (finding the government committed a *Brady* violation where it failed to produce government's "assessments" of a key witness's "lack of credibility/reliability."); s*ee also United States v. Bagcho*, 151 F. Supp. 3d 60, 67 (D.D.C. 2015) ("It is clearly favorable to defendant that a U.S. government agency characterized the most prominent witness against him as a fabricator . . .").

**B.    The Government Concedes That Teva Is Permitted To Intervene As a Member of the Public**

The government concedes that Teva is permitted to intervene in this matter for the limited purpose of unsealing the Letter. Opp'n 6. Like all members of the public, Teva has First Amendment and common law rights to access judicial records, and Teva is clearly able to avail

itself of these rights because the government filed the Dismissal Letter with the Court. *See In re Avandia*, 924 F.3d at 672 (applying common law right of access to judicial records and documents, defining the former as "document[s] that ha[ve] been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings") (internal quotations omitted). The Dismissal Letter is unquestionably a "judicial record" and, thus, a "*strong presumption* of public access" attaches to it. *In re Cendant Corp.*, 260 F.3d 183, 196 (emphasis added); *see also In re Avandia*, 924 F.3d at 676 ("[T]he common law right of access begins with a thumb on the scale in favor of openness—the strong presumption of public access.").

Importantly, because Teva is entitled to intervene pursuant to its common law right of access, its rights under the First Amendment—and the "experience" and "logic" tests thereunder—are irrelevant. *See In re Avandia*, 924 F.3d at 679-80. The Third Circuit has been clear on this point, "repeatedly declin[ing] to tackle the contours of the First Amendment right of public access when the common law right has been sufficient to permit access." *Id.* at 679. Moreover, the government cannot overcome the strong presumption of public access in this case, for the reasons outlined here and in Teva's Opening Brief.

## IV. CONCLUSION

For the reasons set forth above, Teva's Motion to Intervene should be granted and the government's motion to seal should be denied or, in the alternative, Teva should be granted access to the government's Dismissal Letter.

Dated: December 21, 2023                    Respectfully submitted,

                                                      */s/ David L. Axelrod*
                                                     R. Stephen Stigall (PA ID 78748)
                                                     David L. Axelrod (PA ID 323792)
                                                     BALLARD SPAHR LLP
                                                     1735 Market Street, 51st Floor
                                                     Philadelphia, PA 19103
                                                     Telephone: (215) 665-8500
                                                     sttigalls@balladspahr.com
                                                     axelrodd@ballardspahr.com

                                                     *Attorneys for Defendant Teva*
                                                     *Pharmaceuticals USA, Inc.*

**CERTIFICATE OF SERVICE**

I, David L. Axelrod, do hereby certify that I have served a true and correct copy of the foregoing document upon all counsel/parties by email on December 21, 2023.

                                                                                                 */s/ David L. Axelrod*
                                                                                                 David L. Axelrod